IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNSON MEDICAL ASSOCIATES, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. _____ |
| STATE FARM LLOYDS, | § § | JURY DEMAND |
| Defendant. | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Farm Lloyds ("State Farm") files this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1. On January 26, 2015, Plaintiff Johnson Medical Associates filed its Original Petition in the matter styled *Johnson Medical Associates v. State Farm Lloyds*, Cause No. DC-15-00904, in the 298th Judicial District Court of Dallas County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to its property under an insurance policy with State Farm.

2. Plaintiff served State Farm with a copy of the Original Petition on or about January 27, 2015.

3. Defendant State Farm files this Notice of Removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4.  All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff. As required by 28 U.S.C. § 1446(a), and Rule 81.1 of the Local Rules for the United States District Court of the Northern District of Texas, being filed simultaneously with the filing of this Notice of Removal is an Index of State Court Documents, which is attached hereto as Exhibit "A." A copy of the Case Summary sheet is attached hereto as Exhibit "B." A copy of the Civil Case Information Sheet is attached hereto as Exhibit "C." A copy of Plaintiff's Original Petition is attached hereto as Exhibit "D." A copy of the Citation to State Farm Lloyds is attached hereto as Exhibit "E." A copy of Defendant State Farm Lloyds' Special Exceptions and Original Answer to Plaintiff's Original Petition is attached hereto as Exhibit "F." A copy of the proposed Order on Defendant State Farm Lloyds' Special Exceptions to Plaintiff's Original Petition is attached hereto as Exhibit "G." Also included with this filing are Defendant's Certificate of Interested Persons, which is attached hereto as Exhibit "H," and a Supplemental Civil Cover Sheet.

5.  Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Dallas County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

6.  This Court has jurisdiction over this action under 28 U.S.C. § 1332 in that there is diversity of citizenship between all parties in interest (Plaintiff and State Farm) and, as is apparent from the face of Plaintiff's Original Petition and its Civil Case Information Sheet, the value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs. *See* Pl's Original Pet. ¶¶ 69-70, attached hereto as Exhibit "D;" Civil Case Information Sheet, attached

hereto as Exhibit "C." Consequently, Defendant State Farm may remove this action pursuant to 28 U.S.C. §§ 1332 and 1446.

### A. The Parties Are Of Diverse Citizenship

7. At the time this action was commenced, Plaintiff was, and still is, a medical facility and its premises are located in Richardson, Dallas County, Texas, and Plaintiff is a citizen of the state of Texas. *See* Pl's Original Pet. ¶ 3, attached hereto as Exhibit "D."

8. Defendant State Farm, is, and was at the time the lawsuit was filed, a citizen of the states of Illinois, Colorado and Pennsylvania. State Farm Lloyds is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens and residents of the states of Illinois, Colorado and Pennsylvania. Therefore, State Farm Lloyds is a citizen and resident of the states of Illinois, Colorado and Pennsylvania for diversity purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998 ("the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, and denying remand).

### B. The Amount in Controversy Exceeds $75,000.00

9. This is a civil action in which the amount in controversy exceeds $75,000.00. In its complaint, Plaintiff alleges a variety of claims arising from Defendant's "fail[ure] and refus[al] to pay Plaintiff in accordance with its promises under the Policy. *See* Pl's Original Pet. ¶ 11, attached hereto as Exhibit "D." Specifically, but without limitation, Plaintiff alleges that

Defendant State Farm was negligent, breach its contract, violated the Texas Deceptive Trade Practices Act, violated the Texas Insurance Code, breached the common-law duty of good faith and fair dealing, breached its fiduciary duty, committed unfair insurance practices, committed misrepresentation, and committed common-law fraud by negligent misrepresentation. Plaintiff alleges that it is seeking damages in excess of the minimum jurisdiction limits, but Plaintiff fails to make a statement of monetary relief in violation of TEX. R. CIV. P. 47(c). *See* Pl's Original Pet. ¶ 69, attached hereto as Exhibit "D." Plaintiff also makes claims for additional damages and penalty interest. *See id.* at ¶ 70.

10. On Plaintiff's Civil Case Information Sheet, it has marked that it seeks damages of "$200,000 but not more than $1,000,000." *See* Civil Case Information Sheet, attached hereto as Exhibit "C." Thus, the representation on Plaintiff's Civil Case Information Sheet evidences that alleged damages exceed the amount in controversy threshold of $75,000.00. Based on the allegations set forth in Plaintiff's Original Petition and its Civil Case Information Sheet, the amount in controversy in this case exceeds the $75,000.00 jurisdictional requirement

### Conclusion and Prayer

All requirements are met for removal under 28 U.S.C. §§ 1332, 1441, and 1446. Accordingly, State Farm Lloyds hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
State Bar No.: 24029862
Scott L. Rogers
State Bar No.: 24064369

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
Email: slrogers@thompsoncoe.com

**COUNSEL FOR DEFENDANT STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that on the 25th day of February, 2015, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Scott G. Hunziker
THE VOSS LAW FIRM, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380
*Counsel for Plaintiff*

/s/ Rhonda J. Thompson
Rhonda J. Thompson