IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNSON MEDICAL ASSOCIATES, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-00638-M |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant State Farm Lloyds removed this insurance dispute from state court to federal court on February 25, 2015. Shortly thereafter, Defendant timely filed a Verified Plea in Abatement pursuant to Section 541.155(a) of the Texas Insurance Code on grounds that it did not receive the statutorily-required pre-suit notice of Plaintiff's claims. On March 23, 2015, the Court abated the action and ordered Plaintiff to file a notice indicating the date on which it tendered the statutorily-required notice to Defendant. *See* Order dated 3/23/15 [Docket Entry #6]. Plaintiff failed to comply with the Court's Order or otherwise respond. Thus, on August 12, 2015, the Court again ordered Plaintiff to file a notice with the Court indicating the date on which it tendered the statutorily-required notice to Defendant. *See* Order dated 8/12/15 [Docket Entry #7]. The Court set August 24, 2015 as the deadline for Plaintiff to comply and admonished Plaintiff that "[f]ailure to timely file the notice with the Court will result in dismissal of this case for want of prosecution." *Id.* (citing Fed. R. Civ. P. 41(b) and *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962). To date, Plaintiff has failed to file any notice with the Court. The Court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The Court has twice ordered Plaintiff to demonstrate that it has complied with the statutory requirement to provide notice of its claims to Defendant. *See* Order dated 3/23/15; Order dated 8/12/15. Plaintiff has failed to comply with the Court's Orders or otherwise respond. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested. Under these circumstances, dismissal is warranted.

For the reasons stated, Plaintiff's claims and causes of action should be **DISMISSED** without prejudice, pursuant to Fed. R. Civ. P. 41(b), for want of prosecution.

**SO ORDERED.**

August 27, 2015.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS